******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

NOVA BENEFIT PLANS, LLC, ET AL. *v.*
MORTGAGES UNLIMITED,
INC., ET AL.
(AC 40166)

Lavine, Alvord and Prescott, Js.

*Syllabus*

The plaintiffs appealed to this court from the judgment of the trial court
denying their application to vacate and confirming an arbitration award
in favor of the defendants. The arbitrator had found that the agreements
and transactions that formed the basis for the present arbitration claims
were the same as those that were the basis for the claims in a prior
arbitration in 2007, and, thus, granted the defendants' motions to dismiss
the arbitration action for lack of subject matter jurisdiction, concluding
that the 2007 arbitration precluded the present arbitration. Thereafter,
the trial court denied the plaintiffs' application to vacate the award and
granted the defendants' motions to confirm the award, and this appeal
followed. *Held* that the plaintiffs could not prevail on their claim that
because the 2007 arbitration award was predicated on a manifest disre-
gard of the law, the trial court's denial of their application to vacate
the arbitration award was improper; the 2007 award on which the present
arbitration award was predicated was confirmed by the trial court and
appealed to this court, which determined, in a decision released today
in *Benistar Employer Services Trust Co.* v. *Benincasa* (189 Conn. App.
    ), that the 2007 arbitration award did not constitute a manifest
disregard of the law, and, therefore, the plaintiffs' claim failed.

Argued December 10, 2018—officially released April 23, 2019

*Procedural History*

Application to vacate an arbitration award, brought
to the Superior Court in the judicial district of Hartford,
where the named defendant and the defendant James
J. Benincasa et al. filed separate motions to confirm
the award; thereafter, the matter was tried to the court,
*Noble, J.*; judgment denying the application to vacate
and granting the motions to confirm, from which the
plaintiffs appealed to this court. *Affirmed.*

*Daniel J. Krisch*, with whom were *Logan A. Car-
ducci* and, on the brief, *Daniel P. Scapellati*, for the
appellants (plaintiffs).

*Marc S. Edrich*, for the appellee (named defendant).

*Mark J. Kallenbach*, with whom was *Jerome Patger*,
for the appellees (defendant James J. Benincasa et al.).

*Opinion*

LAVINE, J. The plaintiffs, Nova Benefit Plans, LLC, for the Grist Mill Trust, Benistar 419 Plan Services, Inc., for Benistar 419 Plan and Trust, Benistar Admin Services, Inc., and Daniel Carpenter appeal from the judgment of the trial court denying their application to vacate and confirming an arbitration award in favor of the defendants, James J. Benincasa, Jody L. Benincasa, and Mortgages Unlimited, Inc. The plaintiffs claim on appeal that the trial court improperly confirmed the award that was predicated on a prior related arbitration award, which, the plaintiffs argue, constituted a manifest disregard of the law. This court determined in *Benistar Employer Services Trust Co.* v. *Benincasa*, 189 Conn. App.    ,    A.3d    (2019), also released today, that the prior arbitration award did not constitute a manifest disregard of the law. We, therefore, affirm the judgment of the trial court.

The following undisputed facts, as articulated by the arbitrator, and procedural history are relevant to this appeal. "In [November], 2007, [James J. Benincasa and Jody L. Benincasa (Benincasas)] filed a demand for arbitration ('2007 arbitration') against [Benistar 419 Plan Services, Inc., Benistar Admin Services, Inc., The Grist Mill Trust Welfare Benefit Plan, and Benistar Employer Services Trust Company (Benistar respondents)]. The 2007 arbitration was decided by Arbitrator Jeffrey G. Stein on May 15, 2013, and found that the [Benistar respondents] breached their contractual obligations and were jointly and severally liable to pay the [Benincasas] for the actual costs they incurred on the transfer of certain life insurance policies to themselves by the Grist Mill Trust.

"On or about March 4, 2013, [the plaintiffs in the present case] filed a separate demand for arbitration, seeking an award for breach of contract, indemnification, vexatious litigation, unjust enrichment and fraud or negligent misrepresentation . . . .

"It is not disputed that the several agreements and related transactions that form the basis for the instant arbitration claims are the same agreements and transactions that were the basis for the claims in the 2007 arbitration. In his final award, [Stein] stated that although he had not seen [the plaintiffs'] new arbitration demand, he 'carefully reviewed all the documents signed by the parties' and that 'all of these provisions are certainly entered into evidence before me, and I cannot determine the relative responsibilities of the parties without reviewing them.' . . . Stein stated that the [Benistar respondents] . . . focused 'on the provisions of the documents that they believed exculpated them from responsibility.' Those same exculpatory provisions form the basis for the contractual claims in this arbitration, and [the plaintiffs'] contention that [the

defendants] failed to abide by those exculpatory provisions and other contractual provisions forms the basis for their . . . claims." (Footnotes omitted.)

On August 19, 2013, Arbitrator William F. Chandler granted the defendants' motions to dismiss the arbitration action for lack of subject matter jurisdiction, concluding that the 2007 arbitration precluded the present arbitration. On September 13, 2013, the plaintiffs filed an application to vacate the award, and the defendants filed separate motions to confirm the award on November 13, 2013. On February 8, 2017, the trial court denied the plaintiffs' application to vacate and confirmed the arbitration award. The plaintiffs appealed.

The 2007 arbitration award, upon which the present arbitration award is predicated, was confirmed by the trial court. The plaintiffs appealed. On appeal, this court affirmed the judgment of the trial court, rejecting the claim that the 2007 award was predicated on a manifest disregard of the law. *Benistar Employer Services Trust Co.* v. *Benincasa*, supra, 189 Conn. App.      .

The plaintiffs claim that the trial court improperly denied their application to vacate the award on the ground that the 2007 arbitration award was predicated on a manifest disregard of the law. We, however, have determined that the 2007 arbitration award was not made in manifest disregard of the law. The plaintiffs' claim, therefore, fails.

The judgment is affirmed.

In this opinion the other judges concurred.

————————————————